UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TORIANO GERMAINE SMITH,<br><br>Plaintiff,<br><br>v.<br><br>YUBA COUNTY SHERIFF DEPARTMENT, et al.,<br><br>Defendants. | No. 2:19-cv-1765 AC P<br><br><br><br>ORDER |

I. Introduction

Plaintiff is an inmate at Deuel Vocational Institution under the authority of the California Department of Corrections and Rehabilitation (CDCR), proceeding pro se with a civil rights complaint filed pursuant to 42 U.S.C. § 1983, and a request to proceed in forma pauperis filed pursuant to 28 U.S.C. § 1915. Plaintiff challenges conditions of his prior confinement at the Yuba County Main Jail. This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the following reasons, the court grants plaintiff's request to proceed in forma pauperis but finds that the complaint does not state a claim upon which relief may be granted. Plaintiff will be granted leave to amend.

////

////

1

## II. In Forma Pauperis Application

Plaintiff has submitted an affidavit and prison trust account statement that make the showing required by 28 U.S.C. § 1915(a). See ECF Nos. 4, 6.[1] Accordingly, plaintiff's request to proceed in forma pauperis will be granted.

Plaintiff must still pay the statutory filing fee of $350.00 for this action over time. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## III. Screening of Plaintiff's Civil Rights Complaint

### A. Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

A district court must construe a pro se pleading liberally to determine if it states a potentially cognizable claim. While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

---

[1] Plaintiff's second-filed motion to proceed in forma pauperis, ECF No. 8, will be denied as moot.

2

suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); see also Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

### B. Plaintiff's Allegations

Plaintiff was booked into the Yuba County Main Jail on July 3, 2019, ECF No. 1 at 4, where he was allegedly denied items required to practice his Muslim faith. Plaintiff alleges that he spoke with "multiple deputies" who directed him to the inmate request form procedures, but his "two emergency requests" were not answered. Id. at 1. He submitted a grievance form on July 15, 2019 "to be given partial items . . . such as Quran & prayer rug. A Jewish Kosher diet was given. I needed Halal diet." Id. at 2. "Sergeant Cordray was the supervisor who[] provided partial items" on July 16, 2019. Id. at 3. Plaintiff describes Cordray as a Jail Shift Supervisor and names him as a defendant in this action. Id. at 2.

Also on July 16, 2019, plaintiff alleges that defendant Captain A. Garza, the Jail Commander, "denied [plaintiff] verbally the right to fully exercise my right to freedom of religion by denying Juma'h (Muslim) Services along with prayer beads, prayer oil, cufi (head cover) and EID (special prayer in Juma'h)." Id. at 3. Garza allegedly told plaintiff that "such events, items and people" presented security risks to the facility and he "refused to comment on paper." Id. at 2-3. Plaintiff alleges that Garza's response "caused [him] mental & emotional suffering by not being allowed to prayer & pushing me away from religion while providing other religious services. Physical suffering by providing inadequate nutrition as needed. Captain A. Garza conduct was of evil intent and involved callous indifferences to my rights." Id. [sic].

A third named defendant is the Yuba County Sheriff's Department, also referred to as the "Yuba County Jail Facility (minus medical)." Id. at 1-2.

3

With this action, plaintiff seeks $250,000 "for mental and emotional damages which is compensatory damages," and "punitive damages of $75,000 for malice intent to deprive me from the Muslim religion by [Garza] commenting 'This religion is a security risk!'" Id. at 3.

The CDCR Inmate Locator website indicates that plaintiff was admitted to DVI on September 5, 2019.[2] Therefore, he was incarcerated in the Yuba County Jail for a period of slightly more than two months.

### C. Analysis

"The right to exercise religious practices and beliefs does not terminate at the prison door. The free exercise right, however, is necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security. We determine whether these competing interests are balanced properly by applying a reasonableness test: When a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." McElyea v. Babbitt, 833 F.2d 196, 197 (9th Cir. 1987) (citations and internal quotation marks omitted); see also Shakur v. Schriro, 514 F.3d 878, 889 (9th Cir. 2008) ("Once the plaintiff establishes that the challenged state action substantially burdens his religious exercise, the government bears the burden of establishing that the regulation serves a compelling government interest and is the least restrictive means of achieving that interest.").

"A person asserting a free exercise claim must show that the government action in question substantially burdens the person's practice of her religion. A substantial burden places more than an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs." Jones v. Williams, 791 F.3d 1023, 1031-32 (9th Cir. 2015) (citations, internal quotation marks, punctuation and alterations omitted).

---

[2] See http://inmatelocator.cdcr.ca.gov/ (Inmate Locator website operated by the California Department of Corrections and Rehabilitation). This Court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201; see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

4

"[G]overnment action places a substantial burden on an individual's right to free exercise of religion when it tends to coerce the individual to forego her sincerely held religious beliefs or to engage in conduct that violates those beliefs." Id. at 1033 (citations omitted). "[R]equiring a believer to defile himself by doing something that is completely forbidden by his religion is different from (and more serious than) curtailing various ways of expressing beliefs for which alternatives are available." Ashelman v. Wawrzaszek, 111 F.3d 674, 677 (9th Cir. 1997).

In the instant case, the allegations of the complaint are deficient in at least two ways: plaintiff's substantive allegations do not satisfy the legal requirements for stating a First Amendment claim, and the allegations fail to adequately connect or "link" the named defendants.

Plaintiff seeks compensatory damages because he was personally offended by the alleged statement of defendant Garza concerning security risks to the jail. However, a prisoner may not obtain compensatory damages based on mental or emotional injury alone, without a showing of physical injury. See 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."). "[F]or all claims to which it applies, 42 U.S.C. § 1997e(e) requires a prior showing of physical injury that need not be significant but must be more than de minimis." Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002) (fn. omitted). Moreover, "verbal harassment or abuse . . . [alone] is insufficient to state a constitutional deprivation under 42 U.S.C. 1983." Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (citation and internal quotation omitted).

Although plaintiff alleges that he sustained "physical suffering" due to the allegedly inadequate nutrition provided by the Kosher diet, these alleged facts do not involve the same transaction in which plaintiff alleges he was offended. See Fed. R. Civ. P. 20(a)(2)(A). Moreover, plaintiff does not explain how the diet was nutritionally inadequate or how plaintiff was impacted by the diet. Although California state prisons now offer a "Religious Meat Alternate Program" (offering meat that is certified Halal), see e.g. Cal. Code Regs. tit. 15, § 3054.3, that is not the case in many county jails, where Kosher diets are often provided in lieu of Halal diets.

On the same day as defendant Garza's alleged statement, defendant Cordray provided plaintiff with some of the religious items he requested, specifically, a Quran, a prayer rug, and authorization to receive a Kosher diet. Plaintiff challenges Garza's denial of the additional items he requested – a Halal diet, prayer beads, prayer oil, a cufi, and an EID (special prayer in Juma'h). However, the complaint does not allege, nor is it reasonable to infer from the existing allegations, that the denial of these items substantially burdened plaintiff's practice of his religion by pressuring him to modify his religious behavior or coercing him to act *contrary* to his religious beliefs. Jones, 791 F.3d at 1031-32.

In addition to these substantive deficiencies, rendering plaintiff's allegations against defendant Garza deficient, the complaint makes no meaningful allegations against defendant Cordray. Plaintiff alleges only that Cordray provided him with *some* of the religious items plaintiff requested, not that Cordray denied plaintiff any items. There can be no liability under Section 1983 without an affirmative link or connection between a defendant's actions and the alleged violation of rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978); see also Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.").

The third-named defendant in this action is sued as the "Yuba County Sheriff Department Main Jail," and the "Yuba County Jail Facility (minus medical)." ECF No. 1 at 1, 2. Suits against the Yuba County Jail or the Yuba County Sheriff in his official capacity are properly construed as suits against the responsible county entity, specifically, Yuba County. See Kentucky v. Graham, 473 U.S. 159, 165-66 (citing Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690, n.55 (1978)). Local governmental entities may be liable under Section 1983 for civil rights violations. See e.g. Karim–Panahi v. Los Angeles Police Dept., 839 F.2d 621, 624

n.2. However, the Supreme Court has limited municipal liability to the unconstitutional implementation or execution of a municipal "policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell, 436 U.S. at 690 (fn. omitted). "[I]t is when execution of a [local] government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 693. The instant complaint does not allege that the circumstances challenged herein reflect a specific county jail policy or procedure, or the violation of a policy or procedure. Absent such allegations, Yuba County is not an appropriate defendant in this action.

In conclusion, the undersigned finds that the complaint fails to state a cognizable Section 1983 claim against any of the three identified defendants. Nevertheless, plaintiff will be granted the opportunity to file an amended complaint, subject to the legal considerations and requirements set forth herein.

### IV. Leave to File a First Amended Complaint

For the reasons set forth above, plaintiff's complaint does not state a cognizable claim, and is therefore subject to dismissal. See 28 U.S.C. § 1915A. However, plaintiff will be granted leave to file a First Amended Complaint (FAC). Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. See also Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (an amended complaint supersedes the prior complaint). Therefore, in a FAC, each claim and the involvement of each defendant must be sufficiently alleged. If plaintiff chooses to file a FAC, the complaint must allege in specific terms how each named defendant violated plaintiff's specifically identified constitutional rights. Rizzo, supra, 423 U.S. at 371.

### V. Summary for Pro Se Plaintiff

You are granted in forma pauperis status and will pay the filing fee over time with automatic deductions from your prison trust account.

The court has screened your complaint and, for the reasons set forth above, finds that it does not state a cognizable federal claim. You are granted leave to file a First Amended

Complaint to try to fix the problems the court has identified. A First Amended Complaint should explain how each individual defendant personally participated in violating your right to practice your religion. Suing the Jail or the Sheriff is the same as suing the County, and you can only do that if there is a jail policy that caused your rights to be violated. Interference with your religious practice in jail only violates the First Amendment if the kind of interference you experienced has a tendency to make you act contrary to your religion. Jails may reasonably restrict religious activity. Your First Amended Complaint must state facts showing that the circumstances you experienced were unreasonable in the context of jail and "substantially burdened" your ability to practice your faith.

If you choose to file a First Amended Complaint, you must do so within thirty (30) days after the filing date of this order. Failure to timely file a First Amended Complaint will result in a recommendation that this action be dismissed without prejudice.

VI. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis, ECF No. 4, is granted.

2. Plaintiff's second-filed motion to proceed in forma pauperis, ECF No. 8, is denied as moot.

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

4. Plaintiff's complaint, ECF No. 1, is found not to state a claim and will not be served. Plaintiff is granted leave to file a First Amended Complaint (FAC), on the form provided herewith, within thirty (30) days after the filing date of this order, subject to the legal standards set forth herein. Failure to timely file a FAC will result in a recommendation that this action be dismissed without prejudice.

////

5. The Clerk of Court is directed to send plaintiff, together with a copy of this order, a copy of the form complaint used by prisoners in this district to pursue a civil rights action under 42 U.S.C. § 1983.

DATED: January 14, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE