UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TORIANO GERMAINE SMITH,

Plaintiff,

v.

YUBA COUNTY SHERIFF DEPARTMENT, et al.,

Defendants.

No. 2:19-cv-1765 AC P

ORDER and

FINDINGS AND RECOMMENDATIONS

I. Introduction

Plaintiff is a California state prisoner who proceeds pro se and in forma pauperis with a First Amended Complaint (FAC) challenging conditions of his prior confinement at the Yuba County Main Jail. See ECF No. 13. The FAC was filed in response to this court's screening order, which found that plaintiff's original complaint failed to state a cognizable claim and granted plaintiff leave to file a FAC. ECF No. 10.

This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the following reasons, the undersigned recommends the dismissal of this action for failure to state a cognizable claim.

////

////

////

II. Background

Plaintiff seeks relief under 42 U.S.C.§ 1983. His original complaint alleged violations of his First Amendment right to freely exercise his religion. Plaintiff made the following allegations, as previously summarized by the court:

> Plaintiff was booked into the Yuba County Main Jail on July 3, 2019, where he was allegedly denied items required to practice his Muslim faith. . . . He submitted a grievance form on July 15, 2019 "to be given partial items . . . such as Quran & prayer rug. A Jewish Kosher diet was given. I needed Halal diet." "Sergeant Cordray was the supervisor who[] provided partial items" on July 16, 2019. . . .
>
> Also on July 16, 2019, plaintiff alleges that defendant Captain A. Garza, the Jail Commander, "denied [plaintiff] verbally the right to fully exercise my right to freedom of religion by denying Juma'h (Muslim) Services along with prayer beads, prayer oil, cufi (head cover) and EID (special prayer in Juma'h)." Garza allegedly told plaintiff that "such events, items and people" presented security risks to the facility and he "refused to comment on paper." Plaintiff alleges that Garza's response "caused [him] mental & emotional suffering by not being allowed to prayer & pushing me away from religion while providing other religious services. Physical suffering by providing inadequate nutrition as needed. Captain A. Garza['s] conduct was of evil intent and involved callous indifferences to my rights."
>
> A third named defendant is the Yuba County Sheriff's Department, also referred to as the "Yuba County Jail Facility (minus medical)."
>
> . . . The CDCR Inmate Locator website indicates that plaintiff was admitted to DVI [Deuel Vocational Institution] on September 5, 2019. Therefore, he was incarcerated in the Yuba County Jail for a period of slightly more than two months.

ECF No. 10 at 3-4 (internal citations and fn. omitted)

On screening the original complaint under 28 U.S.C. § 1915A, the undersigned set forth the governing standards for a First Amendment free exercise claim and found in pertinent part as follows:

> "A person asserting a free exercise claim must show that the government action in question substantially burdens the person's practice of her religion. A substantial burden places more than an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs." Jones v. Williams, 791 F.3d 1023, 1031-32 (9th Cir. 2015) (citations, internal quotation marks, punctuation and alterations omitted). "[G]overnment action places a substantial

burden on an individual's right to free exercise of religion when it tends to coerce the individual to forego her sincerely held religious beliefs or to engage in conduct that violates those beliefs." Id. at 1033 (citations omitted). "[R]equiring a believer to defile himself by doing something that is completely forbidden by his religion is different from (and more serious than) curtailing various ways of expressing beliefs for which alternatives are available." Ashelman v. Wawrzaszek, 111 F.3d 674, 677 (9th Cir. 1997).

In the instant case, the allegations of the complaint are deficient in at least two ways: plaintiff's substantive allegations do not satisfy the legal requirements for stating a First Amendment claim, and the allegations fail to adequately connect or "link" the named defendants.

Plaintiff seeks compensatory damages because he was personally offended by the alleged statement of defendant Garza concerning security risks to the jail. However, a prisoner may not obtain compensatory damages based on mental or emotional injury alone, without a showing of physical injury. See 42 U.S.C. § 1997e(e). . . .

Although plaintiff alleges that he sustained "physical suffering" due to the allegedly inadequate nutrition provided by the Kosher diet, these alleged facts do not involve the same transaction in which plaintiff alleges he was offended. See Fed. R. Civ. P. 20(a)(2)(A). Moreover, plaintiff does not explain how the diet was nutritionally inadequate or how plaintiff was impacted by the diet. Although California state prisons now offer a "Religious Meat Alternate Program" (offering meat that is certified Halal), see e.g. Cal. Code Regs. tit. 15, § 3054.3, that is not the case in many county jails, where Kosher diets are often provided in lieu of Halal diets.

On the same day as defendant Garza's alleged statement, defendant Cordray provided plaintiff with some of the religious items he requested, specifically, a Quran, a prayer rug, and authorization to receive a Kosher diet. Plaintiff challenges Garza's denial of the additional items he requested – a Halal diet, prayer beads, prayer oil, a cufi, and an EID (special prayer in Juma'h). However, the complaint does not allege, nor is it reasonable to infer from the existing allegations, that the denial of these items substantially burdened plaintiff's practice of his religion by pressuring or coercing him to act *contrary* to his religious beliefs. Jones, 791 F.3d at 1031-32.

In addition to these substantive deficiencies, rendering plaintiff's allegations against defendant Garza deficient, the complaint makes no meaningful allegations against defendant Cordray. Plaintiff alleges only that Cordray provided him with some of the religious items plaintiff requested, not that Cordray denied plaintiff any items. There can be no liability under Section 1983 without an affirmative link or connection between a defendant's actions and the alleged violation of rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976) . . . .

The third-named defendant in this action is sued as the "Yuba County Sheriff Department Main Jail," and the "Yuba County Jail Facility

> (minus medical)." ECF No. 1 at 1, 2. Suits against the Yuba County Jail or the Yuba County Sheriff in his official capacity are properly construed as suits against the responsible county entity, specifically, Yuba County. See Kentucky v. Graham, 473 U.S. 159, 165-66 (citing Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690, n.55 (1978)). Local governmental entities may be liable under Section 1983 for civil rights violations. See e.g. Karim–Panahi v. Los Angeles Police Dept., 839 F.2d 621, 624 n.2. However, the Supreme Court has limited municipal liability to the unconstitutional implementation or execution of a municipal "policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell, 436 U.S. at 690 (fn. omitted)….The instant complaint does not allege that the circumstances challenged herein reflect a specific county jail policy or procedure, or the violation of a policy or procedure. Absent such allegations, Yuba County is not an appropriate defendant in this action.
>
> In conclusion, the undersigned finds that the complaint fails to state a cognizable Section 1983 claim against any of the three identified defendants. Nevertheless, plaintiff will be granted the opportunity to file an amended complaint, subject to the legal considerations and requirements set forth herein.

ECF No. 10 at 4-7.

## III. Screening of Plaintiff's First Amended Complaint

### A. Legal Standards

The court previously informed plaintiff of the requirements for screening complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See ECF No. 10 at 2-3; 28 U.S.C. § 1915A(a). In short, the court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Pro se pleadings are to be "liberally construed." Erickson v. Pardus, 551 U.S. 89, 94 (2007); see also Fed. R. Civ. P. 8(e) ("Pleadings shall be so construed as to do justice."). Pro se litigants are entitled to notice of the deficiencies in their pleadings and an opportunity to amend unless the deficiencies cannot be cured by amendment. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

////

B. Allegations of the First Amended Complaint

Plaintiff's claims arise from his detention at the Yuba County Main Jail during the nine-week period from July 3, 2019 to September 5, 2019. In addition to reasserting his First Amendment free exercise claim, plaintiff has added claims under the Fourteenth Amendment's Equal Protection Clause, and the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA). The factual allegations of the FAC are narrower than plaintiff's original allegations although made against the same defendants. The FAC alleges in full:

> Yuba County Sheriff Department and Personnel policy and actions eliminated all alternative means to exercise my religious rights. The actions by Yuba County Sheriff Department does not have a logical connection to legitimate governmental interest to justify any reason to deny Muslim Services (Juma'h). I've attempted to exhaust every remedy to receive religious items needed during every prayer such as prayer beads, prayer oil and Cufi. Protestant, Catholic and Jehovah Witness Services are provided at this facility however Muslim are not assisted nor provided services. The Statewide Religious Review Committee (SRRC) has not approved any restrictions at this federal [sic] holding facility. Allowing multiple services other than Muslim Services violates the Fourteenth Amendment of Equal Protection Clause. Yuba County Sheriff Department is federally funded which the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA) is a federal law that gives people in prison more religious rights than the First Amendment. Yuba County Sheriff had a substantial burden on the "correct practice" of a sincerely held religious belief. This Department has not allowed reasonable opportunities for exercise of religious belief Clergy and Spiritual advisors to get authorization into the Jail Facility.

ECF No. 13 at 3 (with minor edits).

Plaintiff seeks $575,000 in compensatory damages "for not being allowed to fast, pray correctly or have adequate nutrition," allegedly causing plaintiff hair loss, anxiety and depression, for which he is prescribed Prozac. ECF No. 13 at 3. Plaintiff also seeks an order compelling the "County Jail Commander to provide Muslim inmates with appropriate items to pray correctly while housed in the County Jail [and] . . . to provide Juma'h (Muslim Services)." Id. at 4.

C. Analysis

1. Defendants

Plaintiff's allegations make no charging allegations against individual defendants Garza or Cordray. To state a claim under Section 1983 against an individual defendant, a complaint must

allege facts that the defendant was personally involved in the alleged violation of plaintiff's rights. See Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Id. at 743 (citation omitted). Because plaintiff has not alleged that either individual defendant personally participated in the alleged deprivation of his rights (again failing to adequately connect or "link" these defendants with the conduct plaintiff challenges), he has again failed to state a claim against them.

The FAC attributes the alleged violation of plaintiff's rights to the "policies and actions" of the Yuba County Sheriff's Department. As previously noted by this court, suits against the Yuba County Jail or the Yuba County Sheriff in his official capacity are properly construed as suits against Yuba County. Kentucky v. Graham, 473 U.S. at 165-66. Local governmental entities may be liable under Section 1983, unshielded from Eleventh Amendment immunity, for the unconstitutional implementation or execution of a municipal "policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell, 436 U.S. at 690 (fn. omitted). Therefore, as framed by the allegations of the FAC, only Yuba County is a potential defendant in this action.

2. Relief

Plaintiff seeks both damages and injunctive relief. Because plaintiff is no longer incarcerated in the Yuba County Jail, he may not pursue injunctive relief regarding that facility. "When an inmate challenges prison conditions at a particular correctional facility, but has been transferred from the facility and has no reasonable expectation of returning, his claim [for injunctive relief] is moot." Pride v. Correa, 719 F.3d 1130, 1138 (9th Cir. 2013) (citation omitted). Moreover, because plaintiff is a non-attorney proceeding pro se, he may only represent himself; he has no authority to represent or pursue the interests of other prisoners who may remain in the Jail. McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966).

////

Accordingly, if plaintiff's allegations support a cognizable claim against Yuba County, the only relief he may pursue is monetary damages. Local governmental entities may be liable under Section 1983 for monetary damages if the constitutional violation was a product of the entity's policies, practices, or customs. Levine v. City of Alameda, 525 F.3d 903, 907 (9th Cir. 2008) (citing Monell, 436 U.S. at 690-91). Similarly, local governmental entities have been held liable for monetary damages under the land use provisions of RLUIPA because the Eleventh Amendment does not apply to them. Centro Familiar Cristiano Buenas Nuevas v. City of Yuma, 651 F.3d 1163, 1168-69 (9th Cir. 2011). District courts within this circuit have permitted official capacity damages suits against municipal defendants on RLUIPA religious claims. See e.g. Wilson v. Boldt, 2016 WL 11515764, at *2, 2016 U.S. Dist. LEXIS 196696 (C.D. Cal. Feb. 24, 2016) (and cases cited therein), report and recommendation adopted, 2016 WL 11515695, 2016 U.S. Dist. LEXIS 196697 (C.D. Cal. Apr. 4, 2016).

3. Legal Claims

Plaintiff alleges that during his incarceration in the Yuba County Jail he was deprived of regular Muslim religious services and specific religious items "needed during every prayer such as prayer beads, prayer oil and Cufi." ECF No. 13 at 3. Plaintiff previously acknowledged that he was given a Quran, a prayer rug, and a Kosher (although not Halal) diet. ECF No. 1 at 3.

a. First Amendment Claim

As this court previously noted, "[a] person asserting a free exercise claim must show that the government action in question substantially burdens the person's practice of her religion." Jones, 791 F.3d at 1031. Here plaintiff was provided some but not all of the religious items he requested, and had the opportunity to freely exercise his religious beliefs with the items he received. Because it remains clear that plaintiff was allowed to freely exercise his religious beliefs without restrictions, this court again finds that plaintiff's allegations fail to demonstrate a burden on plaintiff's practice of his religion in violation of the First Amendment. Jones, 791 F.3d at 1031-32; accord, Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1122-23 (9th Cir. 2013) and cases cited therein.

////

b. Equal Protection Claim

Plaintiff alleges that "[a]llowing multiple services other than Muslim Services violates the Fourteenth Amendment of Equal Protection Clause," noting that the Jail provided regular religious services for "Protestant, Catholic and Jehovah Witness" inmates.[1] ECF No. 13 at 3.

The Fourteenth Amendment's Equal Protection Clause "commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike. Prisoners are protected under the Equal Protection Clause . . . . To state a claim for violation of the Equal Protection Clause, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class. Intentional discrimination means that a defendant acted at least in part because of a plaintiff's protected status." Serrano v. Francis, 345 F.3d 1071, 1081-82 (9th Cir. 2003) (citations, internal quotation marks and punctuation omitted).

"This does not mean, however, that all prisoners must receive identical treatment and resources." Hartmann, 707 F.3d at 1123; accord, Cruz v. Beto, 405 U.S. 319, 322 n.2 (1972) ("A special chapel or place of worship need not be provided for every faith regardless of size; nor must a chaplain, priest, or minister be provided without regard to the extent of the demand."). "Prisons must afford an inmate of a minority religion a reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts. Prisons need not provide identical facilities or personnel to different faiths, but must make good faith accommodation of the prisoners' rights in light of practical considerations. To succeed on an equal protection claim, a plaintiff in a section 1983 claim must show that officials intentionally acted in a discriminatory manner." Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997) (citations, internal quotation marks and noted edits omitted), abrogated on other grounds by Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008).

The allegations of the FAC do not establish, or reasonably support the inference, that plaintiff was denied formal Muslim services or additional religious items due to an intentionally

---

[1] It is unlikely, due to the current COVID-19 pandemic, that any formal religious services are presently offered at the Jail.

discriminatory policy or practice of Yuba County. Even plaintiff's prior allegations against defendant Garza – that Garza acted with "evil intent" and "callous indifference" when he explained, in response to plaintiff's requests, that the "reasons for denial were security risks to his facility by allowing such events, items and people in Yuba County Jail," ECF No. 1 at 3 – are too general and conclusory to support a claim of intentional municipal discrimination. For these reasons, the allegations of the FAC do not state a cognizable equal protection claim.

c. RLUIPA Claim

Section 3 of RLUIPA provides: "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution [including local jails] . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a). Thus, RLUIPA imposes on the government a higher burden than the rational basis standard applied to First Amendment free exercise claims. See Greene v. Solano County Jail, 513 F.3d 982, 986 (9th Cir. 2008). RLUIPA defines "religious exercise" to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7)(A). The statute applies "in any case" in which "the substantial burden is imposed in a program or activity that receives Federal financial assistance." 42 U.S.C. § 2000cc-1(b)(1).

To state a cognizable claim under RLUIPA, plaintiff must plausibly allege that the matters he challenges resulted in a substantial burden on the exercise of his religious beliefs. This burden has been described by the Ninth Circuit as follows:

> "[A] 'substantial burden' on 'religious exercise' must impose a significantly great restriction or onus upon such exercise," San Jose Christian Coll. v. City of Morgan Hill, 360 F.3d 1024, 1034 (9th Cir. 2004). In addition, the Supreme Court has found a substantial burden as "where the state ... denies [an important benefit] because of conduct mandated by religious belief, thereby putting substantial pressure on an adherent to modify his behavior and to violate his beliefs." Thomas v. Review Bd. of the Ind. Employment Sec. Div., 450 U.S. 707, 717-18 (1981) (ruling in First Amendment context). Although such "compulsion may be indirect, the infringement upon free exercise is nonetheless substantial." Id. at 718.

Warsoldier v. Woodford, 418 F.3d 989, 994-95 (9th Cir. 2005); see also id. at 996 (finding that prison grooming policy penalizing inmates for refusing to obtain haircuts "intentionally put[] significant pressure on inmates . . . to abandon their religious beliefs").

Despite the lower threshold for stating a cognizable RLUIPA claim, as compared to a First Amendment claim, the court again finds that plaintiff's allegations fail to demonstrate a substantial burden on his free exercise rights. Plaintiff was provided with a copy of the Quran and a prayer rug; the unavailability of three additional items to support plaintiff's prayers did not restrict or penalize plaintiff's religious practices or put pressure on him to abandon his beliefs or his prayers. Nor did the unavailability of group Muslim services put any pressure on plaintiff to modify or violate his beliefs or practices. The short duration of plaintiff's incarceration in the Yuba County Jail is also relevant in finding that the allegations of the FAC do not state a cognizable RLUIPA claim.

IV. Further Leave to Amend Would Be Futile

Plaintiff was previously provided notice of the deficiencies in his complaint and the opportunity to cure them. See Noll, 809 F.2d at 1448. Plaintiff did so, and it is now clear that further amendment would be futile. The problem is not that plaintiff's allegations are unclear or incomplete, but that what happened to him does not, as a matter of law, violate his rights under the U.S. Constitution or RLIUPA. Accordingly, the undersigned concludes that this action must be dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915A.

V. Conclusion

The undersigned has screened plaintiff's First Amended Complaint pursuant to 28 U.S.C. § 1915A and found that it does not state a cognizable claim.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a district judge to this action; and

Further, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21)

days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 27, 2020

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE